IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cinseree Johnson, | : | |
| Plaintiffs | : | Case No.  2:06-cv-819 |
| v. | : | Judge Sargus |
| Richard Carpinelli, *et al.,* | : | Magistrate Judge Abel |
| Defendants | : | |

**Second Initial Screening Report and Recommendation**

In my October 6, 2006 Initial Screening Report and Recommendation, I ordered plaintiff to file an amended complaint within thirty (30) days complying with the requirements of Rule 8(a), Federal Rules of Civil Procedure. This matter is now before the Magistrate Judge for an initial screening of the amended complaint under 28 U.S.C. §1915A(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v.  Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir.  1997). Defendants' November 10, 2006 motion to dismiss plaintiff's amended complaint (doc. 11) is also before the Magistrate Judge.

The Magistrate Judge finds that the amended complaint fails to state a claim upon which relief may be granted and therefore RECOMMENDS that the complaint be dismissed.

Plaintiff  brings this civil rights action under 42 U.S.C. §1983. The amended

complaint alleges that a computer system security breach at Ohio University compromised plaintiff's personal data and violated plaintiff's Fourth Amendment rights.  Defendant argues that plaintiff's complaint is nonsensical and that the Eleventh Amendment bars this suit.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  Moreover, *pro se* complaints must be liberally construed.  *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Here plaintiff brings an action against defendants Richard Carpinelli, Michael Sostarich, Larry Corrigna, William Sams, William Decatur in their official capacities as employees of Ohio University. The amended complaint alleges that the defendants failed to perform their duties in safeguarding her personal information. Plaintiff's Fourth Amendment rights have not been violated by defendants. The defendants were not the perpetrators of the alleged computer breach. Plaintiff's personal information was seized by third persons, who were not state actors. The Fourth Amendment does

not protect against a thief who unlawfully enters a person's home and steals her possessions. Accordingly, the complaint is hereby DISMISSED for failure to state a claim under 42 U.S.C. §1983.

IT IS FURTHER ORDERED that the United States Marshal serve upon each defendant named in complaint a summons, a copy of the complaint, and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel           
United States Magistrate Judge